Akan BOYD, Plaintiff–Appellant,

v.

CONTRA COSTA COMMUNITY COL-
LEGE DISTRICT and Carolyn Hodge,
Defendants–Appellees.

No. 09–15311.

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 2010.*

Filed June 21, 2010.

Akan Boyd, Oakland, CA, pro se.

Joshua Clendenin, Esquire, Eugene Elli-
ot, Christine Lee, Bertrand Fox & Elliot,
San Francisco, CA, for Defendants–Appel-
lees.

Before: CANBY, THOMAS, and W.
FLETCHER, Circuit Judges.

MEMORANDUM **

Akan Boyd appeals pro se from the dis-
trict court's judgment dismissing his action
alleging federal discrimination claims and
state tort claims related to the defendants'
failure to hire him as an African Studies
instructor. We have jurisdiction under 28
U.S.C. § 1291. We review de novo, *Oki
Semiconductor Co. v. Wells Fargo Bank*,
298 F.3d 768, 772 (9th Cir.2002), and we
affirm.

The district court properly dismissed
Boyd's Title VII claim because he failed to
file a timely administrative complaint with
the Equal Employment Opportunity Com-
mission ("EEOC"), *see* 42 U.S.C.
§§ 2000e–5(e)(1) and 2000e–5(f)(1), and did
not allege grounds for equitable tolling, *see
Josephs v. Pac. Bell*, 443 F.3d 1050, 1061
(9th Cir.2006) (plaintiff must bring a time-
ly EEOC complaint as pr -requisite to fed-
eral suit or satisfy grounds set forth for
equitable tolling). The district court also
properly dismissed Boyd's state law tort
claims because defendants were entitled to
immunity. *See* Cal. Gov't Code § 815(a)
(public entities are immune from tort lia-
bility unless specifically provided by stat-
ute); *id.* § 820 (public employees are not
liable for injuries resulting from discre-
tionary acts or omissions).

Boyd also appeals from the district
court's order denying recusal and recon-
sideration, both of which we review for
abuse of discretion. *See Pesnell v. Arse-
nault*, 543 F.3d 1038, 1043 (9th Cir.2008);
*MacDonald v. Grace Church Seattle*, 457
F.3d 1079, 1081 (9th Cir.2006). The dis-
trict court did not abuse its discretion in
denying Boyd's motion for disqualification
because he failed to establish any bias or
prejudice. *See* 28 U.S.C. § 455 (requiring
recusal for personal bias, prejudice, con-
flict of interest, and other narrow circum-
stances); *see also Leslie v. Grupo ICA*, 198
F.3d 1152, 1160 (9th Cir.1999) (stating that
bias or prejudice warranting recusal must
stem from an extrajudicial source and not
from conduct or rulings during proceed-
ings). The district court also did not
abuse its discretion in refusing to reconsid-
er its disqualification ruling because Boyd
merely repeated his previous arguments
and did not allege any grounds warranting
reconsideration. *See* Fed.R.Civ.P. 60.

Boyd's remaining contentions are unper-
suasive, and we do not consider issues he

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

tries to raise for the first time on appeal. *See Foti v. City of Menlo Park,* 146 F.3d 629, 638 (9th Cir.1998).

**AFFIRMED.**

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.